IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OLEVIA BRITT                                                                              PLAINTIFF

vs.                                        Civil No. 4:13-cv-04115

CAROLYN COLVIN                                                                      DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Olevia Britt ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI was filed on November 21, 2011.  (Tr. 96, 191-201).

Plaintiff alleged she was disabled due to degenerative disc disease in her back.  (Tr. 234).  Plaintiff

alleged an onset date of October 13, 2011.  (Tr. 96).  These applications were denied initially and

again upon reconsideration.   (Tr. 132-139, 145-146).   Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

1

administrative hearing on her applications and this hearing request was granted.  (Tr. 147-149).

Plaintiff's administrative hearing was held on September 19, 2012.  (Tr. 117-131).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Jerold Hildre, testified at the hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-eight (48) years old and had graduated from high school. (Tr. 119-120).

On October 11, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 96-112).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016.  (Tr. 98, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 13, 2011.  (Tr. 98, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and sciatica.  (Tr. 99, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 104, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 105-110).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work but is unable to balance, stoop, bend, squat, kneel and crouch on more than an occasional basis; unable to ever crawl or climb ropes, ladders and scaffolds; and must avoid vibration and hazards such as heights and dangerous machinery.  (Tr. 105, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 110-111, Finding 6).  The ALJ found Plaintiff was unable to perform her PRW as a janitor.  *Id.*  The ALJ, however, also

determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 111-112, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a cleaner with approximately 3,200 such jobs in Arkansas and 328,000 such jobs in the nation, assembler with approximately 1,300 such jobs in Arkansas and 500,000 such jobs in the nation, and as a laundry folder with approximately 2,400 such jobs in Arkansas and 165,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from October 13, 2011 through the date of the decision. (Tr. 112, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 92). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On December 4, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 5, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, (C) in failing to properly consider Plaintiff's complaints of pain, and (D) in the weight given the opinions of Plaintiff's physician. ECF No. 10, Pgs. 10-19.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 11.

<u>A. Listings</u>

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included degenerative disc disease of the lumbar spine and sciatica. (Tr. 99, Finding 3).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues her obesity, in conjunction with her degenerative joint disease of both knees, and her carpal tunnel syndrome, render her unable to ambulate effectively or to perform fine and gross movements effectively. ECF No. 10, Pgs. 10-13. Although not stated, it appears Plaintiff contends she meets listing 1.02(A) and (B). *Id.*

To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with either:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

B. Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

An inability to perform fine and gross movements effectively means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living.  Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.  Plaintiff argues her diagnosis of carpel tunnel syndrome allows her to met this Listing.  The only mention of carpal tunnel syndrome is in a record from October 28, 2003, which is almost eight years prior Plaintiff's alleged onset date.  (Tr. 349).

Also, it should be noted, when asked to identify the abilities affected by her conditions, Plaintiff did not identify using hands as one of the abilities affected.  (Tr. 263).  Finally, Plaintiff did not identify carpal tunnel syndrome as a basis for disability with her DIB and SSI applications, and only identified degenerative disc disease of the back as a basis for disability.  (Tr. 234).

Additionally, Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively.  Plaintiff has failed to establish she is unable to ambulate effectively.  Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.  Although Plaintiff argues she had degenerative disc disease of both knees, there are no notations regarding degenerative joint disease of the knees in the record from October

7

13, 2011, until right before the ALJ issued his decision on October 11, 2012.  Finally, Plaintiff did not identify degenerative joint disease of both knees as a basis for disability in her DIB and SSI applications, and only identified degenerative disc disease of the back as a basis for disability.  (Tr. 234).

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques.  *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b).   Plaintiff has not met this burden.   I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

## B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work but is unable to balance, stoop, bend, squat, kneel and crouch on more than an occasional basis; unable to ever crawl or climb ropes, ladders and scaffolds; and must avoid vibration and hazards such as heights and dangerous machinery.  (Tr. 105, Finding 5).  Plaintiff argues the ALJ erred in this RFC determination.  ECF No. 10, Pgs. 14-19.  However, substantial evidence supports the ALJ's RFC determination.

On October 13, 2011, Plaintiff's alleged onset date, she reportedly slipped on a wet floor at work and injured herself.  (Tr. 293).  On October 14, 2011, Plaintiff was seen by Dr. H. Lawson Kile.  (Tr. 301).  Plaintiff indicated she had slipped and fell back on a stool while mopping a milk spill at the school where she worked as a custodian.  (Tr. 301).  Dr. Kile indicated Plaintiff had some tenderness to palpation over the left sacroiliac (SI) joint and the sciatic nerve, decreased range of motion, and a lot of muscle tightness and muscle spasm in the lumbar region.  (Tr. 302).  Plaintiff's straight leg raises were negative for pain.  *Id.*  Plaintiff was assessed SI joint pain and muscle spasm. *Id.*  Dr. Kile released Plaintiff to light duty work with no pushing or pulling over 50 pounds, no lifting over 10 pounds, and no mopping or sweeping, and estimated such restrictions would only be necessary for two to four weeks before Plaintiff could return to full duty work.  *Id.*

On October 24, 2011, Plaintiff returned to Dr. Kile for a recheck.  (Tr. 299).  Dr. Kile indicated Plaintiff had a little tenderness to palpation over both SI joints, some muscle spasm in the lumbar region, and "pretty good range of motion of both hips."  *Id*.  Plaintiff was assessed with musculoskeletal low back pain, scheduled for outpatient physical therapy, and continue the same restrictions as before but with lifting increased to 20 pounds.  *Id.*

On November 17, 2011, Plaintiff had an MRI of her lumbar spine which showed mild degenerative disc disease at L5-S1 level with mild posterior facet hypertrophy and mild generalized disc bulging. (Tr. 384). There was no focal disc protrusion or spinal canal stenosis. *Id.* The L4-5 level showed mild degenerative disc disease without evidence of disc bulge or protrusion. *Id.* On November 21, 2011, Dr. Kile informed Plaintiff she probably strained her back and had a back contusion six weeks earlier, but there was nothing in her x-rays or MRI that would prevent her from returning to regular duty work. (Tr. 293). Dr. Kile noted Plaintiff only had musculoskeletal pain and he released her to regular duty work with no residual body impairment. *Id.* According to Dr. Kile, Plaintiff was very unhappy with this report and stated she was not returning to work. *Id.*

On February 29, 2012, Plaintiff was seen by Dr. Justin Seale for her complaints of low back pain radiating to the left buttock and posterior thigh. (Tr. 460). Plaintiff had full range of motion in her cervical and thoracic spine without any pain, tenderness, signs of instability, or muscle spasm. *Id.* Dr. Seale noted Plaintiff had 5/5 strength and intact sensation in her lower extremities, straight leg raise test was negative bilaterally, had palpable pulses in all her extremities, and exhibited a normal gait with good coordination and balance. *Id.* Dr. Seale found Plaintiff had reached maximum medical improvement and could return to full duty work without any restrictions and had a 0% impairment rating. (Tr. 461).

On June 25, 2012, Plaintiff was seen by Dr. Edward Teng. (Tr. 451-454). Plaintiff complained of joint pain and swelling, but denied back and neck pain. (Tr. 452). Examination of her extremities revealed no cyanosis or edema and only mild swelling in her proximal interphalangeal (PIP) and distal interphalangeal (DIP) joints (hand joints). Plaintiff returned to Dr. Teng in September and October of 2012 and reported bilateral knee and hand joint pain. (Tr. 486-493). Dr. Teng noted only mild swelling in her hand and knee joints and full range of motion on examination.

(Tr. 487-488, 491-492).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. The ALJ properly accounted for any limitations that were supported by Plaintiff's medical record when he found Plaintiff capable of only a reduced ranged of light work. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 10. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 11.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 105-110). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living

12

are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff has not required regular treatment for any impairment, and (5) Plaintiff spends two hours per day caring for her daughter who is unable to speak or care for herself. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### D.  ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. George Covert in assessing Plaintiff's RFC.  ECF No. 10, Pgs. 13-14.  However, Plaintiff's argument is without

merit.

In an RFC report of January 16, 2005 and a letter dated January 25, 2012, Dr. Covert indicated Plaintiff had been unable to work since October 13, 2011, because her degenerative disc disease and sciatica prevents her from lifting and carrying even 10 pounds and prevents her from standing and/or walking even a full two hours out of an 8-hour workday or sitting a full two hours out of an 8-hour workday. (Tr. 395, 388-391). Dr. Covert also stated Plaintiff must change positions every 10 to 15 minutes, must lie down at unpredictable intervals, can never twist, stoop, crouch, crawl or climb stairs or ladders, must avoid extremes of heat and cold due to her extreme pain, and must avoid humidity, noise, fumes, odors, dusts, gases, poor ventilation, and hazards. *Id.*

The ALJ was correct in not assigning significant weight to the opinions of Dr. Covert. (Tr. 109). The ALJ properly noted Dr. Covert's opinion appeared to be based entirely on Plaintiff's subjective complaints rather than the objective findings which show only mild degenerative changes at L4-5 and L5-S1 with no narrowing of the spinal canal. *Id.* The ALJ also relied on and stated the examination findings and observations of other physicians did not support the significant restrictions found by Dr. Covert. *Id.* Finally, the ALJ relied on Plaintiff's own statements, wherein she indicated she spends at least two hours caring for her handicapped daughter, shops for groceries, attends to personal care independently, does household chores, can prepare simple meals, and continues to drive. *Id.*

The ALJ properly decided to give less than significant weight to the restrictive limitations found by Dr. Covert. The ALJ committed no error in his treatment of medical opinions from Plaintiff's physician.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **28th day of January 2015.**


/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE